1  **WO**                              **NOT FOR PUBLICATION**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8  **MICHAEL STAPLES,**                    )
                                           )
9           **Plaintiff,**                 )
                                           )
10          **v.**                         )   **CIV 06-2034 PHX MEA**
                                           )
11  **ARIZONA DEPARTMENT OF**              )   **MEMORANDUM AND ORDER**
    **ECONOMIC SECURITY,**                 )
12                                         )
            **Defendant.**                 )
13  _____       )

14

15          Plaintiff has consented to the exercise of magistrate

16  judge jurisdiction over this matter, including the entry of

    final judgment.  Defendant has not been served nor appeared in
17
    this matter.
18
            Plaintiff, proceeding *pro se*, filed a Complaint in this
19
    Court, which was classified as a complaint alleging violations
20
    of his civil rights,[1] and also filed a motion to proceed before
21
    the Court *in forma pauperis*.
22
                Subject to subsection (b), any court of the
23              United States may authorize the commencement,
                prosecution or defense of any suit, action or
24              proceeding, civil or criminal, or appeal
                therein, without prepayment of fees or
25              security therefor, by a person who submits an
                affidavit that includes a statement of all
26
    _____
27
          [1] The Complaint is captioned as one stating a cause of action for
28  "Capital punishment, violating laws, changing laws and or not
    [maintaining] laws by code regulations."

> assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (1994 & Supp. 2006).

The Court must dismiss a complaint filed in tandem with a petition to proceed *in forma pauperis* if it is satisfied that the action "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii).  The Court may not dismiss a case merely because it believes that the plaintiff will lose on the merits, or on a Federal Rules of Civil Procedure 12(b)(6) motion for failure to state a claim. See Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827 (1989).  The Court may exercise its discretion to dismiss an action pursuant to 28 U.S.C. § 1915(d) if the action is "frivolous or malicious," i.e., the claims have no arguable basis in law or fact. See, e.g., Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).  Under the liberal rules applicable to *pro se* complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of his claim. See Van Sickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir. 1988); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).  Even *pro se* pleadings must contain a minimum level of factual support and a plaintiff should not be allowed to proceed *in forma pauperis* if his complaint is so lacking in specific facts that the Court must invent a factual scenario not evident from the face of the complaint. See Richmond v. Cagle, 920 F.

Supp. 955, 957 (E.D. Wis. 1996).

To state a section 1983 claim, the plaintiff must allege facts establishing a "person," acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution. See, e.g., West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). A state agency is, in particular circumstances, a "person" who may be sued pursuant to section 1983; however, the agency may only be sued for injunctive relief, rather than monetary damages. See, e.g., Hafer v. Melo, 502 U.S. 21, 29, 112 S. Ct. 358, 364 (1991); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004). Compare Wolfe v. Strankman, 392 F.3d 358, 365 (9th Cir. 2004) (concluding a suit for prospective injunctive relief, rather than monetary damages, is not barred by sovereign immunity).

Plaintiff's complaint states: "DES [approval] of food stamps of $11.00--capital punishment" and seeks $15 million in damages "For regulations not followed and capital punishment and be awarded food stamps". The attachments to the complaint indicate the Arizona Department of Economic Security approved Plaintiff's application for food stamps in the amount of $11.00 per month, beginning in September of 2006 through January of 2007. The complaint states:

> Special codes and regulations permits amount of funds posted in the food stamp card for SSI or income participants which established those funds which are not over the limet. (sic) Here on the form of [DES] they defy

that rule which is capital punishment.
For $11.00 a month for food stamps is not the
set standard for income particapant. (sic)
and is below standard distrabution and
reasoning. And the indigent leval. Here I
only make $603.00 a month for disable which
by codes I should and do fit the criteria and
should be available for food stamp funds...

Docket No. 1, Attach.

The allegations in Plaintiff's complaint do not implicate Plaintiff's federal constitutional rights because Plaintiff does not have a constitutionally-protected due process, property, or other constitutional interest in receiving a particular level of welfare benefits. See Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997); Bernard v. United Township High Sch. Dist. No. 30, 5 F.3d 1090, 1093 (7th Cir. 1993); Jackson v. Jackson, 857 F.2d 951 (4th Cir. 1988); Banks v. Block, 700 F.2d 292, 296 (6th Cir. 1983). Compare Robidoux v. Kitchel, 876 F. Supp. 575-82 (D. Vt. 1995).

The Eighth Amendment's prohibition of cruel and unusual punishment does not apply in this context, i.e., to a person who is not incarcerated by state. See, e.g., Ingraham v. Wright, 430 U.S. 651, 664, 97 S. Ct. 1401, 1408-09 (1977); Lynch v. Cannatella, 810 F. 2d 1363, 1376 (5th Cir. 1987). Additionally, the Arizona Department of Economic Security is not a "person" who may be sued pursuant to section 1983 for monetary damages and, accordingly, Plaintiff's claim for monetary damages is frivolous and must be dismissed. See, e.g., Wolfe v. Strankman, 392 F.3d 358, 364-65 (9th Cir. 2004); Doe v. Lawrence

-4-

Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

Plaintiff has met the income requirements of proceeding in forma pauperis, however, the Court is within its discretion in denying him in forma pauperis status and dismissing the complaint. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816 (10th Cir. 1981). Because the complaint has no arguable basis in the law and finding that the complaint is, therefore, frivolous, the complaint must be dismissed. See Bennett v. State of Calif., 406 F.2d 36, 39 (9th Cir. 1969); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998).[2]

**THEREFORE,** it **is ordered that** Plaintiff's Motion/Petition to Proceed in Forma Pauperis [Docket No. 2] is **denied**, and the Clerk of the Court is hereby ordered to **dismiss** the Complaint **with prejudice.**

DATED this 20th day of March, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

---

[2] In an unpublished opinion issued by another United States District Court, alleging the plaintiff's constitutional rights were violated by the state's reduction in his food stamp allotment, the court concluded there was no jurisdictional basis for the suit. Allmond v. Department of Family Servs., 2002 WL 32502337, at * 1 (E.D. Va.).

-5-